Filed 5/14/14  Nunn v. Fenswick CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| WESLEY I. NUNN,<br><br>    **Plaintiff and Appellant,**<br><br>v.<br><br>JENNIFER M. FENSWICK,<br><br>    **Defendant and Respondent.** | A139583<br><br>(Del Norte County<br>Super. Ct. No. CVUJ 09-1323) |

This case is the latest chapter in a long history of litigation relating to the disposition of real property following the dissolution of a romantic relationship between plaintiff and appellant Wesley I. Nunn and defendant and respondent Jennifer M. Fenswick.  The present case alleges causes of action for malicious prosecution and abuse of process; respondent defaulted and the trial court entered a default judgment that awarded appellant only his costs of suit.  We reverse and remand for reconsideration of appellant's request for a default judgment.

BACKGROUND

In December 2012, appellant filed a third amended complaint alleging causes of action for malicious prosecution and abuse of process.  Among other things, appellant alleged a lawsuit commenced by respondent in 2005 and terminated by judgment in April 2009 was brought maliciously and without probable cause.  The judgment was in favor of respondent on her complaint for a small sum, but it was also in favor of appellant on his

1

cross-complaint for a somewhat larger sum.  Respondent failed to answer the complaint and in April 2013 appellant requested entry of default against respondent and a judgment in the amount of $142,450.

The trial court directed appellant to submit a declaration in support of the requested judgment pursuant to Code of Civil Procedure section 585, subdivision (d).[1] Appellant submitted a declaration averring he paid $120,000 in attorney fees in defense of respondent's action, he incurred damages of $7,000 in the loss of value of stock due to injunctions obtained by respondent that prevented him from selling the stock, he is due damages in the amount of $15,000 for loss of enjoyment of life, and he paid $450 to file his action and serve respondent.

On June 21, 2013, the trial court ruled as follows: "The Court has reviewed the Declaration of [appellant] in support of the proposed default judgment.  Based upon the information submitted, [appellant's] request for damages is denied.  The issue of attorney's fees was previously decided in Case No. CVUJ 05-1431, as set forth in the Judgment filed April 6, 2009."  The trial court entered judgment in appellant's favor, awarding him only $450 for his costs of suit.

This appeal followed.[2]  Appellant appears in pro per; respondent did not file a brief on appeal.

## DISCUSSION

Appellant contends, among other things, the trial court erred in denying him damages on his malicious prosecution claim in reliance on the denial of attorney fees in

---

[1]     All undesignated statutory references are to the Code of Civil Procedure. Section 585, subdivision (d) provides in part, "the court in its discretion may permit the use of affidavits, in lieu of personal testimony, as to all or any part of the evidence or proof required or permitted to be offered, received, or heard . . . .  The facts stated in the affidavit or affidavits shall be within the personal knowledge of the affiant and shall be set forth with particularity, and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto."

[2]     Appellant has been declared a vexatious litigant and is subject to a prefiling order. On September 12, 2013, this court granted appellant's application for permission to appeal the trial court's judgment.

the April 2009 judgment in the underlying action. He argues his cross-complaint in that action contained no malicious prosecution claim and the trial court in that action did not purport to determine whether appellant was entitled to recover his attorney fees as damages due to malicious prosecution of the action.

We agree there was no basis to conclude the April 2009 judgment in the underlying action resolved appellant's claim for damages for malicious prosecution. That judgment, which simply stated without explanation that appellant was due no attorney fees, made no reference to a malicious prosecution claim. The tort of malicious prosecution has three elements: (1) a lawsuit was " ' "commenced by or at the direction of the defendant [which] was pursued to a legal termination in ... plaintiff's [ ] favor" ' "; (2) the prior lawsuit " ' "was brought without probable cause" ' "; and (3) the prior lawsuit " ' "was initiated with malice." ' " (*Citi–Wide Preferred Couriers, Inc. v. Golden Eagle Ins. Corp.* (2003) 114 Cal.App.4th 906, 911.) The April 2009 judgment does not purport to determine whether those elements were satisfied. Indeed, any potential claim did not even accrue until entry of that judgment, assuming the judgment can be construed as termination of respondent's action in appellant's favor. (*Babb v. Superior Court* (1971) 3 Cal.3d 841, 846 [a "cause of action for malicious prosecution first accrues at the conclusion of the litigation in favor of the party allegedly prosecuted maliciously. [Citation.]"].)

Although it appears the trial court erroneously believed the April 2009 judgment resolved appellant's claim for damages for his malicious prosecution claim, it is not clear from the court's order whether it would have denied appellant damages in any event. As explained previously, the order states flatly, "Based upon the information submitted, [appellant's] request for damages is denied." The statement about attorney fees in the April 2009 judgment follows. It is unclear whether the court's damages determination would remain unchanged even without the court's apparent misunderstanding regarding the April 2009 judgment.

3

Accordingly, although we reverse the trial court's judgment, we remand to provide the trial court an opportunity to reconsider and clarify its ruling.[3]  We note that, although respondent's default constitutes an admission of the "material allegations of the complaint," "where a complaint does not state a cause of action or where it shows no grounds for relief, the default of the defendant does not improve it." (*Taliaferro v. Davis* (1963) 216 Cal.App.2d 398, 408-409.)  The court's inquiry "is akin to that triggered by a general demurrer, namely, whether the complaint lacks factual allegations indispensable to the asserted claims. [Citations.]  A court must indulge reasonable inferences in support of the factual allegations in the complaint; mere uncertainties and other defects subject to a special demurrer do not bar a default judgment against the defendant. [Citations.] Nonetheless, the absence of essential factual allegations is fatal to a judgment against the defendant." (*Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 392-393.)  Moreover, the trial court is "entitled to take judicial notice of all the related prior proceedings in its court involving the litigation between appellant and respondent as well as the decisions of the appellate courts of this state relative to such proceedings. [Citations.]  Moreover, the final judgment in each of the prior related cases is conclusive as to the relief granted and also as to the relief denied or withheld. [Citation.]" (*Taliaferro*, at p. 409.)  Finally, under section 585, subdivision (b), the judgment should be in an amount "as appears by the evidence to be just." (See *Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 287.)

---

[3]     We need not and do not resolve appellant's contention that he is entitled under section 585, subdivision (b) to provide testimony in support of his damages claims. Neither need we or do we resolve any of the other contentions in appellant's brief on appeal.

4

## DISPOSITION

The judgment is reversed, and the case is remanded to the trial court with directions to reconsider appellant's request for a default judgment.  All parties are to bear their own costs on appeal.

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

NEEDHAM, J.